UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COURTNEY SCOTT FONTES, | : | |
| PLAINTIFF | : | |
| | : | |
| vs. | : | C.A. No. 16-419 |
| | : | |
| KETTLE, ET AL, | : | |
| DEFENDANTS | : | |

### DEFENDANTS MATTHEW KETTLE, JEFFREY ACETO, CAPTAIN DUFFY AND STEVEN CABRAL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Now come defendants Kettle, Aceto, Duffy and Cabral in the above entitled matter and hereby move to dismiss the plaintiff's complaint in its entirety, pursuant to fed. R. Civ. P. 12 (b)(6), as and for the reasons stated in the accompanying memorandum.

**DEFENDANTS KETTLE, ACETO, DUFFY AND CABRAL,**
By their attorney,

**/s/ Michael B. Grant**
**Michael B. Grant (#3864)**
**R.I. Dept. of Corrections**
**40 Howard Avenue**
**Cranston, Rhode Island 02920**
**Tel. (401) 462-2910**
**Fax (401) 462-2583**

**Dated: December 7, 2016**

### CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed postage prepaid on the 7th day of December, 2016 to the following:

Courtney Fontes
P.O. Box 8273
Cranston, RI 02920

　　　　　　　　　　　　　　　　　　　　　　　／s/ Michael B. Grant, Esq.

I hereby certify that I filed the within document via ECF filing system and that a copy is available for viewing and downloading.

        /s/ Michael B. Grant, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **COURTNEY SCOTT FONTES,** | : | |
| **PLAINTIFF** | : | |
| | : | |
| vs. | : | C.A. No. 16-419 |
| | : | |
| **KETTLE, ET AL,** | : | |
| **DEFENDANTS** | : | |

### DEFENDANTS MATTHEW KETTLE, JEFFREY ACETO, CAPTAIN DUFFY AND STEVEN CABRAL'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, who at all pertinent times was a Rhode Island penal inmate, has brought this action against Matthew Kettle, Warden of the High and Maximum Security Facilities, Jeffrey Aceto, Deputy Warden of High and Maximum Security Facilities, Captain Walter Duffy and Steve Cabral of the Department's Special Investigations Unit.

Plaintiff asserts a number of allegations that generally can be summarized as follows:

-Plaintiff's medical information has been unlawfully disseminated;
-Harassment on the basis of his sexuality;
-Subject to false disciplinary charges;
-Denial of access to the courts;
-Denial of employment.

1. FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2)/12 (b)(6)

Federal Rule of Civil Procedure 8(a)(2), requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allian*, 478

U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  550 U.S., at 555, 127 S.Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1995.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

Consistent with the above, considering a motion to dismiss, if the pleadings are no more than conclusions, they are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

While a complain scrutinized by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.4 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d

209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d. 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

2. **PLAINTIFF'S FACTUAL CLAIMS**

Plaintiff makes a number of vague factual claims, each of which will be addressed separately.

### A. LETTER TO THE WARDEN

Plaintiff alleges that he sent the "Warden" a letter concerning "officers violation of the officers code of ethics harassment due to my sexuality". Defendants assume that plaintiff is referring to warden Kettle, since he is the only warden who is named as a defendant. Plaintiff fails to provide the exact allegations contained in the letter to the warden, the exact nature of the harassment or which staff are responsible for the violation. Plaintiff merely states he notified Kettle that he was being harassed. As outlined above, such unsubstantiated conclusions fall short of stating a claim entitling plaintiff to relief.

### B. DISSEMINATION OF MEDICAL INFORMATION

Plaintiff alleges that his medical information has been given to other inmates and that his "HIV status is not being kept private". *See* complaint, III Statement of claim. Again, this allegation cannot support a viable constitutional claim in that it is extremely vague and conclusory. Plaintiff fails to allege the specifics regarding the information, who is responsible for the alleged disclosures, when they occurred and who received the information.

### C. PLACEMENT IN SEGREGATION

Plaintiff alleges that he was placed in segregation monthly "for false reasons". *See* complaint Statement of Claims III. Again, in part, this claim fails due to its vagueness. The Fourteenth Amendment's Due Process Clause provides that a state shall not deprive any person of life, liberty or property without due process of law. *See* U.S. Const. amend. XIV. A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word "liberty". See, e.g., *Viteck v. Jones*, 445 U.S. 480, 493494 (1980). The Constitution however itself does not give rise to a liberty interest for inmates in avoiding a transfer to more adverse conditions of confinement. *Meachum v. Fano,* 427 U.S. 215, 225 (1976).

A liberty interest may also arise from an expectation or interest created by state laws or policies. *Wolf v. McDonnell*, 418 U.S. 539, 556-558 (1974). In *Sandin v. Connor*, 515 U.S. 472 (1985), the Supreme Court placed significant limitations on inmates seeking to invoke due process protections from interests or expectations created by state law or policies. The Supreme Court in *Sandin* held that where a state does create liberty interests protected by the Due Process Clause, they will be limited to freedom from restraint and that impose an "atypical and significant hardship" on the inmate in relation to the ordinary incidents of prison life. *Id*. at 484. Here, plaintiff's alleged confinement in segregation is stated in a conclusory fashion. Plaintiff

simply alleges he is placed in segregation falsely. Plaintiff fails to allege who is responsible or any of the surrounding circumstances. Plaintiff fails to allege the conditions he was subjected to in disciplinary confinement and how they differed from the conditions enjoyed previously in general population.

Moreover, plaintiff does not have a free standing liberty interest in not having a false disciplinary charge leveled against him. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986); *Suprenant v. Rivas*, 424 F.3d 5, 13-14 (1st Cir. 2005). Therefore, plaintiff does not allege consequences that "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life" as required by the Supreme Court to find a state-created liberty interest. *Sandin v. Connor*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)(punitive segregation for a term of 30 days did not trigger the protections of the Due Process Clause because it did not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

### D. ACCESS TO THE COURTS

Plaintiff alleges that the defendants keep him in segregation "with not access to legal work not take in consideration my appeals". *See* complaint Statement of Claims III. Defendants construe this allegation to possibly implicate a claim for denying plaintiff access to the courts.

The United States Supreme Court has made clear, the right of access to the courts is the right to bring a grievance that the inmate wishes to present. *Lewis v. Casey*, 518 U.S. 345 (1996). It is not a right to "litigate effectively" once in Court. Plaintiff must show an actual injury to properly allege a denial of access to the Courts by demonstrating that the alleged wrongdoing hindered his efforts to pursue a legal action.

Here, plaintiff has failed to allege that as a result of the defendants' actions he missed a

court established deadline for filing a pleading or document, caused a legal action to be dismissed or any other result hindering his ability to prosecute an action before the courts. Plaintiff fails to allege any specific actual injury. Accordingly, plaintiff's claims are futile and should not be allowed to proceed.

### E. PRISON JOB

Finally, plaintiff alleges that he has not able to get a job in Maximum security since 2014. Plaintiff fails to allege who is responsible and the reason for not being assigned employment.

This claim does not rise to a constitutional dimension. Inmates have no constitutional right to a prison job or wages either under the United States Constitution or Rhode Island law. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)**;** *Fuller v. Lane*, 686 F. Supp. 686 (C.D. Ill. 1988); *Jackson v. O'Leary*, 689 F. Supp. 846 (N.D. Ill. 1988); *Williams v. Sumner*, 648 F. Supp. 510 (D. Nev. 1986); *Semkus v. Coughlin*, 139 A.D. 2d 868, 527 N.Y.S. 2d 596 (3d Dep't 1988); *Martin v. O'Brien*, 207 Fed. Appx. 587, 2006 FED App. 0874N (6th Cir. 2006*); Newsom v. Norris*, 888 F2d 371, 374 (6th Cir. 1989); *Nicholson v. Carroll*, 390 F. Supp. 2d 429 (D. Del. 2005).

### CONCLUSION

Defendants urge that the plaintiff's complaint should be dismissed in total in that it is completely devoid of any factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ***Twombly*** at 570. Plaintiff's claims lack facial plausibility due to the fact that the content of the complaint does not allow the court to draw a reasonable inference that the defendants are liable for the misconduct alleged.

**DEFENDANTS KETTLE, ACETO, DUFFY AND CABRAL,**
By their attorney,

**/s/ Michael B. Grant**
**Michael B. Grant (#3864)**
**R.I. Dept. of Corrections**
**40 Howard Avenue**
**Cranston, Rhode Island 02920**
**Tel. (401) 462-2910**
**Fax (401) 462-2583**