UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COURTNEY SCOTT FONTES, : | |
| PLAINTIFF : | |
| : | |
| vs. : | C.A. No. 16-419 |
| : | |
| KETTLE, ET AL, : | |
| DEFENDANTS : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL**

Now comes defendants in the above entitled matter and hereby object to plaintiff's motion for the appointment of counsel, as and for the reasons proffered in the accompanying memorandum of law.

                                                  Defendants,
                                                  By his attorney,

                                                  **/s/ Michael B. Grant**_____
                                                  **Michael B. Grant (#3864)**
                                                  **R.I. Dept. of Corrections**
                                                  **40 Howard Avenue**
                                                  **Cranston, Rhode Island 02920**
                                                  **Tel. (401) 462-2910**
                                                  **Fax (401) 462-2583**

## **CERTIFICATION**

I hereby certify that, on the 9th day of December, 2016, I **filed the within** document through the ECF filing system and that a copy is available for viewing and/or downloading.

And that I mailed a true copy, by first class mail, postage prepaid on this same day to:

Courtney Fontes
P.O. Box 8200
Cranston, RI 02920

    /s/ Michael B. Grant, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COURTNEY SCOTT FONTES, | : | |
| PLAINTIFF | : | |
| | : | |
| vs. | : | C.A. No. 16-419 |
| | : | |
| KETTLE, ET AL, | : | |
| DEFENDANTS | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a motion for appointment of counsel. Plaintiff urges that he is not able to afford counsel and that he is in need of counsel due to his mental health issues.

The law is well established that there is no constitutional right to appointment of counsel in a civil case. Maroni v. Pemi-Baker Regional Sch. Dist., 346 F. 3d 247, 257 (1st Cir. 2003); Ellis v. United States, 313 F.3d 636, 652 (1st Cir.2002); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998); DesRosiers v. Moran, 949 F.2d 15, 23–24 (1st Cir.1991) ("There is no absolute constitutional right to a free lawyer in a civil case."); Barkmeyer v. Wall, CIV.A. 09-430S, 2009 WL 3046326 (D.R.I. Sept. 22, 2009). However, 28 U.S.C. § 1915(e)(1) gives the district court the discretion to appoint counsel to an indigent litigant in appropriate circumstances. Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986); DesRosiers, 949 F.2d at 23. The First Circuit has held that a pro se litigant must demonstrate exceptional circumstances in his or her case to justify the right to a free lawyer in a civil case. Cookish, 787 F.2d at 2; DesRosiers, 949 F.2d at 23.

Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, along with the abilities of the individual bringing it. DesRosiers, 949 F.2d at 23. To determine whether there are exceptional circumstances sufficient to warrant the appointment of

counsel, "a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24.  However, just because a plaintiff alleges sufficient facts to state a claim in the complaint does not in and of itself require the appointment of counsel.  Cookish 787 F.2d at 2-3; Childs v. Duckworth, 702 F.2d 915, 922 (7th Cir. 1983).

In the case at bar, the allegations by plaintiff do not present difficult or complex factual Issues.  Plaintiff has alleged that he has been harassed, that his medical condition has been disseminated unlawfully to others and that he has been wrongfully subject to disciplinary confinement.  Although plaintiff, in conclusory fashion, indicates that his mental health issues prevent him from adequately preparing and presenting his case, the plaintiff fails to provide details about his condition and how the same impacts the prosecution of this case. . Cf. Drone v. Hutto, 565 F.2d 543, 544 (8th Cir.1977) (petitioner suffered from mental illness). Nothing in plaintiff's actions or submissions to this Court suggest that plaintiff is anything less than capable of sufficiently litigating this case. As such this Court should deny plaintiff's motion for appointment of counsel.

WHEREFORE, Defendant respectfully requests that Plaintiff's Motion to Appoint Counsel be denied.

                DEFENDANTS
                By their Attorney,

                /s/ Michael B. Grant
                Michael B. Grant, Bar No. 3864
                40 Howard Avenue
                Cranston, RI 02920
                Tel: (401) 462-2910
                Fax: (401) 462-2583